COOLEY LLP
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
AMY M. SMITH (287813) (amsmith@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Plaintiff
DISTINCT MEDIA LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISTINCT MEDIA LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DOE DEFENDANTS 1-50,<br><br>Defendants. | Case No. 15-cv-03312-NC<br><br>**PLAINTIFF DISTINCT MEDIA LIMITED'S CASE MANAGEMENT STATEMENT**<br><br>Date:        February 3, 2016<br>Time:        10:00 a.m.<br>Courtroom: 14, 18th Floor<br>Judge:       Magistrate Judge Nathanael Cousins |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Distinct Media Limited ("Distinct Media") respectfully submits this Case Management Statement.

Distinct Media has been gathering information and conducting an investigation in an attempt to ascertain the identities of the Doe Defendant(s) ("Defendants") in this case.   On January 21, 2016, the Court denied Distinct Media's fourth *ex parte* motion for expedited discovery, and ordered Distinct Media to name Defendants by March 18, 2016.  (Dkt. No. 19 at 2.)  Because Distinct Media's investigation into Defendants' identities is still ongoing and no motions are currently pending, Distinct Media respectfully proposes for the Court's consideration that, in the interests of economy and efficiency, the Case Management Conference currently

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

**PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT
CASE NO. 15-CV-03312-NC**

1  scheduled for February 3, 2016, be continued to March 30, 2016, at which time Distinct Media is

2  more likely to have additional information to disclose to the Court.

3  **1.     JURISDICTION AND SERVICE**

4      The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331,

5  because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et*

6  *seq.* ("CFAA").  Because Defendants' identities are still unknown, Distinct Media has not been

7  able to attempt or complete service.

8  **2.     FACTS**

9      Distinct Media operates price comparison websites, and displays ads on those websites.

10  Third-party advertisers pay Distinct Media a small fee each time an Internet user clicks on an ad

11  and is directed to the advertiser's website.  Distinct Media has a pay-per-click agreement with

12  Yahoo! ("Yahoo"), which provides ad inventory to Distinct Media on behalf of advertisers.

13      In or around April 2013, Defendants caused a jquery.form.js file ("Jquery File") to be

14  embedded in a development server used by Distinct Media without Distinct Media's knowledge

15  or consent.  Defendants' Jquery File triggered a coordinated attack on Distinct Media's Systems,

16  modifying the appearance of Yahoo-provided ads on Distinct Media's websites so that the ads

17  would look like ads for content on Amazon or eBay's websites, even though, in reality, they were

18  not.  An icon for what appeared to be an ad for content on Amazon or eBay was superimposed on

19  top of the real ad so that the user thought he or she was looking at an Amazon or eBay ad.  When

20  the user clicked on the fake Amazon or eBay ad ("Fake Ads") on the Distinct Media website, two

21  things happened simultaneously:  (1) the real ad underneath the Fake Ad was recorded as having

22  been clicked, incurring a click fee; and (2) a new browser window opened to a new website not

23  affiliated with Distinct Media or Yahoo, click-meter.com.   Distinct Media's investigation

24  revealed that that the click-meter.com website was operating under a fraudulent domain,

25  masquerading as a real company, clickmeter.com (with no hyphen in its name).  The fake click-

26  meter.com website then directed the user to one of two websites, store.cartideas.com and

27  store.pricepicker.net. These two websites directed users to eBay or Amazon, depending on which

28  Fake Ad was superimposed on top of the real Yahoo-provided ad that was "clicked" on Distinct

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

**PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC**

Media's website.  Defendants' Jquery File, and the resulting attack carried out through the modification of Distinct Media's websites, forced Yahoo to incur click fees to Distinct Media even though the users were redirected to Amazon and eBay's websites and never visited the websites associated with the Yahoo-provided ads.

eBay and Amazon have referral agreements with individuals or companies ("referral sources").  When a referral source directs Internet user traffic to eBay and its partner websites, eBay will pay the referral source based on the volume and type of traffic.  Similarly, when a referral source directs an Internet user to Amazon's website and the user makes a qualified purchase, Amazon will pay the referral source a commission based on the user's purchase.

Prior to filing the instant lawsuit, Distinct Media tried to identify the persons and/or entities that accessed Distinct Media's systems, embedded the Jquery File, and carried out this attack, but it was unable to do so.  Because Defendants' Jquery File was redirecting user traffic from Distinct Media's websites to eBay or Amazon by modifying the appearance of Distinct Media's websites to disguise Yahoo-provided ads as eBay or Amazon ads, Distinct Media has reason to believe that (1) Defendants operate the store.cartideas.com and store.pricepicker.net domains, (2) the operators of these domains have referral agreements with eBay and Amazon, and (3) Defendants were earning commissions from user traffic they diverted from Distinct Media's websites.

**3.    LEGAL ISSUES**

Defendants are individuals or entities responsible for, *inter alia*, unlawfully accessing and embedding a foreign file into Distinct Media's protected computer systems in violation of the federal CFAA, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)-(C), and California Penal Code §§ 502(c)(1)-(4), (c)(6)-(8).

**4.    MOTIONS**

On August 14, 2015, Distinct Media filed an *ex parte* motion for expedited discovery, seeking to subpoena eBay and Amazon for information associated with the store.cartideas.com and store.pricepicker.net domains in order to identify Defendants.  (Dkt. No. 8.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

On September 29, 2015, this Court denied Distinct Media's *ex parte* motion, concluding that although Distinct Media had established three of the four factors demonstrating good cause for expedited discovery, Distinct Media's original complaint would not withstand a motion to dismiss because it failed to specify the CFAA and § 502 subsections under which Distinct Media wishes to pursue its claims.  (Dkt. No. 11 at 7.)  The Court granted Distinct Media leave to amend its complaint and renew its motion for expedited discovery.  (*Id.* at 10.)

Distinct Media addressed the shortcomings found by the Court and filed its First Amended Complaint and renewed *ex parte* motion on October 6, 2015.  (Dkt. No. 13.)  On October 8, 2015, the Court granted Distinct Media's *ex parte* motion and authorized Distinct Media to serve Amazon and eBay with subpoenas seeking identifying information for the individuals and/or entities associated with the store.cartideas.com and store.pricepicker.net domains.  (Dkt. No. 14.) Distinct Media served eBay on October 9, 2015 and served Amazon on October 14, 2015.  (Dkt. No. 16-1 at ¶¶ 3, 13.)

On December 14, 2015, Distinct Media filed its third *ex parte* motion for expedited discovery, seeking permission to serve subpoenas on eBay and MTACC, Inc. ("MTACC"). (Dkt. No. 16.)  The Court granted Distinct Media's motion on December 16, 2015.  (Dkt. No. 17.)

On January 20, 2016, Distinct Media filed its fourth *ex parte* motion for expedited discovery, seeking permission to serve subpoenas on Amazon and Identified Bank(s) to obtain information that is reasonably likely to lead to Defendants' identities.   On January 21, 2016, this Court denied Distinct Media's *ex parte* motion and ordered Distinct Media to name Defendants by March 18, 2016.

No motions are currently pending.

**5.     AMENDMENT OF PLEADINGS**

Distinct Media amended its complaint on October 6, 2015.  (Dkt. No. 12.)

**6.     EVIDENCE PRESERVATION, DISCLOSURES, AND DISCOVERY**

Distinct Media is aware of and is taking reasonable steps to comply with its evidence preservation obligations under the Federal Rules of Civil Procedure.   However, because Defendants' identities are still unknown, Distinct Media has not been able to attempt service or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
4.
PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

confer with Defendants on the topics of evidence preservation, disclosures, or discovery.

**7.    RELIEF**

Distinct Media seeks injunctive relief in the form of an order barring Defendants from any further acts constituting violations of CFAA, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)-(C), and California Penal Code §§ 502(c)(1)-(4), (c)(6)-(8), in addition to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and such other relief as the Court may deem just and proper.

**8.    SETTLEMENT AND ADR**

Because Defendants have not been identified, no settlement discussions have taken place and ADR is not appropriate at this time.

**9.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On July 30, 2015, Distinct Media filed its Consent to Magistrate Judge for All Purposes. (Dkt. No. 7.)

**10.    OTHER REFERENCES**

At this time, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**11.    NARROWING OF ISSUES**

At the present time, Distinct Media is attempting to identify Defendants.

**12.    EXPEDITED TRIAL PROCEDURE**

Distinct Media believes it is premature to consider whether expedited trial procedures would be appropriate.

**13.    SCHEDULING**

Distinct Media has been gathering information and conducting an investigation in an attempt to ascertain the identities of the Defendants in this case. On January 21, 2016, the Court denied Distinct Media's fourth *ex parte* motion for expedited discovery, and ordered Distinct Media to name Defendants by March 18, 2016. (Dkt. No. 19 at 2.) Because Distinct Media's investigation into Defendants' identities is still ongoing and no motions are currently pending, Distinct Media respectfully proposes for the Court's consideration that, in the interests of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

economy and efficiency, the Case Management Conference currently scheduled for February 3, 2016, be continued to March 30, 2016, at which time Distinct Media is more likely to have additional information to disclose to the Court.

**14.    TRIAL**

Distinct Media believes that a trial estimate is premature until Defendants are named and served.

**15.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 16, 2015, Distinct Media filed its Disclosure of Non-Party Interested Entities or Persons as required by Civil L.R. 3-15.  (Dkt. No. 3.)

Distinct Media certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:  Clicksco Jersey Limited, which is the parent of Distinct Media.

**16.    PROFESSIONAL CONDUCT**

Counsel for Distinct Media have reviewed the Guidelines for Professional Conduct for the Northern District of California and acknowledge they will abide by those Guidelines.


Dated: January 27, 2016                    COOLEY LLP

                                           */s/ Amy M. Smith*
                                           _____
                                           Amy M. Smith

                                           Attorneys for Plaintiff
                                           DISTINCT MEDIA LIMITED

126883974

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC