COOLEY LLP
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
AMY M. SMITH (287813) (amsmith@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Plaintiff
DISTINCT MEDIA LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISTINCT MEDIA LIMITED,<br><br>                    Plaintiff,<br><br>          v.<br><br>DOE DEFENDANTS 1-50,<br><br>                    Defendants. | Case No. 15-cv-03312-NC<br><br>**PLAINTIFF DISTINCT MEDIA LIMITED'S CASE MANAGEMENT STATEMENT**<br><br>Date:     March 30, 2016<br>Time:     10:00 a.m.<br>Room:    7 (4th Floor)<br>Judge:    Magistrate Judge Nathanael Cousins |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Distinct Media Limited ("Distinct Media") respectfully submits this Case Management Statement.

On March 17, 2016, Distinct Media filed its Second Amended Complaint ("Complaint"), naming Defendant Lev Shutov. (Dkt. No. 26.) As described in Distinct Media's Status Update Regarding Service of Process filed the same day (Dkt. No. 28), Distinct Media is pursuing service in Shutov's city of residence, Yoshkar-Ola, Russia, in accordance with Rule 4(f)(2)(A) and/or Rule 4(f)(2)(C) of the Federal Rules of Civil Procedure. The Rule 4(m) time limit for service of process does not apply to service in a foreign country under Rule 4(f), but Distinct Media is working diligently to accomplish service of process on Shutov as soon as possible. Because Distinct Media's efforts to serve Shutov are still ongoing and no motions are currently pending,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT
CASE NO. 15-CV-03312-NC

Distinct Media respectfully raises for the Court's consideration the possibility of continuing the Case Management Conference currently scheduled for March 30, 2016 to a later date (e.g., April 27, 2016 or May 4, 2016), at which time Distinct Media is more likely to have additional information to disclose to the Court.

## 1. JURISDICTION AND SERVICE

The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.* ("CFAA").

Distinct Media named Shutov as a defendant on March 17, 2016, and the clerk issued the summons to Shutov on March 21, 2016.  Distinct Media is pursuing service of process on Shutov in Russia through Rule 4(f)(2)(A) and/or Rule 4(f)(2)(C) of the Federal Rules of Civil Procedure.  The Rule 4(m) time limit for service does not apply to service in a foreign country under Rule 4(f), Fed. R. Civ. P. 4(m), but Distinct Media is working diligently to accomplish service of process on Shutov as soon as possible.

The remaining Defendants' identities are still unknown, and as a result, Distinct Media has not been able to attempt or complete service on the other Defendants.

## 2. FACTS

Distinct Media operates price comparison websites, and displays ads on those websites.  Third-party advertisers pay Distinct Media a small fee each time an Internet user clicks on an ad and is directed to the advertiser's website.  Distinct Media has a pay-per-click agreement with Yahoo! ("Yahoo"), which provides ad inventory to Distinct Media on behalf of advertisers.

Shutov was one of six software employees employed by CPS Labs who were involved in the design of Distinct Media's internal databases, computers, computer programs, and computer networks ("Distinct Media's Systems").  As a lead software developer, Shutov was substantially involved in the coding and design of Distinct Media's Systems.  Distinct Media subsequently hired three of CPS Labs' software engineers, but did not hire Shutov, and therefore his services for Distinct Media ended in or about April 2011.  However, Shutov's wife, Irina Shutova, is currently employed by Distinct Media.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

1    In or around April 2013, Defendants caused a jquery.form.js file ("Jquery File") to be embedded in a development server used by Distinct Media without Distinct Media's knowledge or consent. Defendants' Jquery File triggered a coordinated attack on Distinct Media's Systems, modifying the appearance of Yahoo-provided ads on Distinct Media's websites so that the ads would look like ads for content on Amazon or eBay's websites, even though, in reality, they were not. An icon for what appeared to be an ad for content on Amazon or eBay was superimposed on top of the real ad so that the user thought he or she was looking at an Amazon or eBay ad. When the user clicked on the fake Amazon or eBay ad ("Fake Ads") on the Distinct Media website, two things happened simultaneously: (1) the real ad underneath the Fake Ad was recorded as having been clicked, incurring a click fee; and (2) a new browser window opened to a new website not affiliated with Distinct Media or Yahoo, click-meter.com. Distinct Media's investigation revealed that that the click-meter.com website was operating under a fraudulent domain, masquerading as a real company, clickmeter.com (with no hyphen in its name). The fake click-meter.com website then directed the user to one of two websites, store.cartideas.com and store.pricepicker.net. These two websites directed users to eBay or Amazon, depending on which Fake Ad was superimposed on top of the real Yahoo-provided ad that was "clicked" on Distinct Media's website. Defendants' Jquery File, and the resulting attack carried out through the modification of Distinct Media's websites, forced Yahoo to incur click fees to Distinct Media even though the users were redirected to Amazon and eBay's websites and never visited the websites associated with the Yahoo-provided ads.

Defendants' Jquery File redirected user traffic from Distinct Media's websites to eBay or Amazon by disguising the Yahoo ads as Fake Ads for eBay or Amazon. Defendants operate the store.cartideas.com and store.pricepicker.net domains and earn commissions from Internet traffic they diverted from Distinct Media's websites.

eBay and Amazon have referral agreements with individuals or companies ("referral sources"). When a referral source directs Internet user traffic to eBay and its partner websites, eBay will pay the referral source based on the volume and type of traffic. Similarly, when a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

referral source directs an Internet user to Amazon's website and the user makes a qualified purchase, Amazon will pay the referral source a commission based on the user's purchase.

Defendants established multiple eBay and Amazon accounts in order to earn commissions from the Internet traffic they acquired without authorization from Distinct Media's websites. In order to receive payments from eBay and Amazon, Shutov established online payment accounts through MTACC Inc. ("MTACC") and eCoin.com ("eCoin"). Shutov received payments from eBay and Amazon at these MTACC and eCoin accounts, and then transferred approximately twenty percent of these commissions to at least one other Defendant through online exchanges, such as Bitcoin, or ATM transfers. According to the transaction history of Shutov's MTACC account, eBay paid Shutov more than $324,000 between August 2013 and December 2014. Shutov also received more than $24,000 in payments from Amazon at his MTACC account. Shutov continued to transfer a portion of these payments to at least one other Defendant until late 2014.

**3.     LEGAL ISSUES**

Defendants are individuals or entities responsible for, *inter alia*, unlawfully accessing and embedding a foreign file into Distinct Media's protected computer systems in violation of CFAA, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)-(C); California Penal Code §§ 502(c)(1)-(4), (c)(6)-(8); and the "unlawful prong" of California Business & Professions Code § 17200. Further, Defendants' business practices violate the "unfair" prong of California Business & Professions Code § 17200 because they surreptitiously implemented a scheme to alter Distinct Media's Systems and place Fake Ads on Distinct Media's websites without Distinct Media's knowledge or consent. Defendants implemented this scheme in order to divert Internet traffic away from the destination Distinct Media intended (Yahoo advertiser websites) so that Defendants could be paid by eBay and Amazon for the stolen Internet traffic. Finally, Defendants business practices violate the "fraudulent" prong of California Business & Professions Code § 17200 because Defendants modified the appearance of Yahoo ads on Distinct Media's websites, and these Fake Ads were intended to and did deceive Distinct Media and the public.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

**4.   MOTIONS**

On August 14, 2015, Distinct Media filed a motion for expedited discovery, seeking to subpoena eBay and Amazon for information associated with the store.cartideas.com and store.pricepicker.net domains in order to identify Defendants. (Dkt. No. 8.)

On September 29, 2015, this Court denied the motion, concluding that although Distinct Media had established three of the four factors demonstrating good cause for expedited discovery, Distinct Media's original complaint would not withstand a motion to dismiss because it failed to specify the CFAA and § 502 subsections under which Distinct Media wishes to pursue its claims. (Dkt. No. 11 at 7.) The Court granted Distinct Media leave to amend its complaint and renew its motion for expedited discovery. (*Id.* at 10.)

Distinct Media addressed the shortcomings found by the Court and filed its First Amended Complaint and renewed motion on October 6, 2015. (Dkt. No. 13.) On October 8, 2015, the Court granted the motion and authorized Distinct Media to serve Amazon and eBay with subpoenas seeking identifying information for the individuals and/or entities associated with the store.cartideas.com and store.pricepicker.net domains. (Dkt. No. 14.) Distinct Media served eBay on October 9, 2015 and served Amazon on October 14, 2015. (Dkt. No. 16-1 at ¶¶ 3, 13.)

On December 14, 2015, Distinct Media filed a motion for additional expedited discovery, seeking permission to serve subpoenas on eBay and MTACC, Inc. ("MTACC"). (Dkt. No. 16.) The Court granted the motion on December 16, 2015. (Dkt. No. 17.)

On January 20, 2016, Distinct Media filed a motion for additional expedited discovery, seeking permission to serve subpoenas on Amazon and certain identified banks to obtain information that Distinct Media believed was reasonably likely to provide evidence regarding Defendants' identities. On January 21, 2016, this Court issued an Order denying the motion and providing that Distinct Media should name Defendants by March 18, 2016. (Dkt. No. 19.)

No motions are currently pending.

**5.   AMENDMENT OF PLEADINGS**

Distinct Media amended its complaint on October 6, 2015 (Dkt. No. 12) and March 17, 2016 (Dkt. No. 26).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

**6.  EVIDENCE PRESERVATION, DISCLOSURES, AND DISCOVERY**

Distinct Media is aware of and is taking reasonable steps to comply with its evidence preservation obligations under the Federal Rules of Civil Procedure. Distinct Media will confer with Shutov on the topics of evidence preservation, disclosures, or discovery once he has been served and has appeared in this case. Because the other Defendants' identities are still unknown, Distinct Media has not been able to attempt service or confer with Defendants on these topics.

**7.  RELIEF**

Distinct Media seeks injunctive relief in the form of an order barring Defendants from any further acts constituting violations of CFAA, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)-(C), California Penal Code §§ 502(c)(1)-(4), (c)(6)-(8), or California Business & Professions Code § 17200, in addition to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and such other relief as the Court may deem just and proper.

**8.  SETTLEMENT AND ADR**

Because no Defendants have been served, no settlement discussions have taken place and ADR is not appropriate at this time.

**9.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On July 30, 2015, Distinct Media filed its Consent to Magistrate Judge for All Purposes. (Dkt. No. 7.)

**10.  OTHER REFERENCES**

At this time, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**11.  NARROWING OF ISSUES**

At the present time, Distinct Media is attempting to serve Shutov and identify the other Defendants.

**12.  EXPEDITED TRIAL PROCEDURE**

Distinct Media believes it is premature to consider whether expedited trial procedures would be appropriate.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

**13. SCHEDULING**

Distinct Media is pursuing service of process on Shutov in Russia through Rule 4(f)(2)(A) and/or Rule 4(f)(2)(C) of the Federal Rules of Civil Procedure. The Rule 4(m) time limit for service does not apply to service in a foreign country under Rule 4(f), Fed. R. Civ. P. 4(m), but Distinct Media is working diligently to accomplish service of process on Shutov as soon as possible. Because Distinct Media's efforts to serve Shutov are still ongoing and no motions are currently pending, Distinct Media respectfully raises for the Court's consideration the possibility of continuing the Case Management Conference currently scheduled for March 30, 2016 to a later date (e.g., April 27, 2016 or May 4, 2016), at which time Distinct Media is more likely to have additional information to disclose to the Court.

**14. TRIAL**

Distinct Media believes that a trial estimate is premature until Defendants are named and served.

**15. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 16, 2015, Distinct Media filed its Disclosure of Non-Party Interested Entities or Persons as required by Civil L.R. 3-15. (Dkt. No. 3.)

Distinct Media certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding: Clicksco Jersey Limited, which is the parent of Distinct Media.

**16. PROFESSIONAL CONDUCT**

Counsel for Distinct Media have reviewed the Guidelines for Professional Conduct for the Northern District of California and acknowledge they will abide by those Guidelines.

///
///
///
///

1 Dated: March 23, 2016

COOLEY LLP

*/s/ Amy M. Smith*
Amy M. Smith

Attorneys for Plaintiff
DISTINCT MEDIA LIMITED

128794920

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC