UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTINCT MEDIA LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>LEV SHUTOV,<br><br>    Defendant. | Case No.15-cv-03312-NC<br><br>**ORDER FOR ADDITIONAL BRIEFING RE: MOTION FOR DEFAULT**<br><br>Re: Dkt. No. 46 |

Plaintiff Distinct Media Limited sought default from the clerk's office and was denied. Dkt. Nos. 40, 43. The Court reviewed the request for default.

Defendant Lev Shutov is a Russian citizen, residing in Russia. Thus, the applicable rule for service is Rule 4(f). Federal Rule of Civil Procedure 4(f)(2)(C) provides that service on an individual in a foreign country may be completed by delivering a copy of the summons and of the complaint to the individual personally, unless prohibited by the foreign country's law.

According to the U.S. Department of State, which routinely sends letters of service through diplomatic channels, Russia has suspended executing U.S. judicial assistance requests. *See* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/russia-federation.html. The State Department recommends litigants retain Russian counsel to effect service through means permitted under Russian law. Additionally, commentators suggest that Russian law prohibits service of a complaint

Case No. 15-cv-03312-NC

through any means other than official court channels. *See* Tatyana Gidirimski, *Service of United States Process in Russia Under Rule 4(f) of the Federal Rules of Civil Procedure*, 10 Pac. Rim L. & Pol'y J. 691, 710 (2001) (concluding that letters rogatory are the only means of service on a Russian defendant); Spencer Willig, *Out of Service: The Causes and Consequences of Russia's Suspension of Judicial Assistance to the United States Under the Hague Service Convention*, 31 U. Pa. J. Int'l L. 593, 619 (2009) (citing to Russia's response to a 2008 Hague Convention questionnaire that methods other than formal service are not permitted in Russia).

Here, Distinct Media has attested that it delivered a copy of the complaint and summons by personal delivery to defendant. The Court received communications from Shutov's attorney in Russia objecting to this Court's jurisdiction over Shutov.

Thus, Distinct Media must provide additional briefing by August 12, 2016, supporting its motion. Specifically, Distinct Media must identify whether it consulted Russian counsel and whether service by personal delivery is prohibited in Russia.

**IT IS SO ORDERED.**

Dated: August 2, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 15-cv-03312-NC                    2