COOLEY LLP
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
AMY M. SMITH (287813) (amsmith@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Plaintiff
DISTINCT MEDIA LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISTINCT MEDIA LIMITED,<br><br>                  Plaintiff,<br><br>         v.<br><br>LEV SHUTOV and DOE DEFENDANTS 1-50,<br><br>                  Defendants. | Case No. 15-cv-03312-NC<br><br>**PLAINTIFF DISTINCT MEDIA LIMITED'S CASE MANAGEMENT STATEMENT**<br><br>Date:        September 7, 2016<br>Time:        10:00 a.m.<br>Room:       7 (4th Floor)<br>Judge:       Hon. Nathanael Cousins |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Distinct Media Limited ("Distinct Media") respectfully submits this Case Management Statement.

On July 26, 2016, Distinct Media filed a motion for (1) entry of default against Defendant Shutov or, (2) in the alternative, leave to file a motion for reconsideration of the Clerk's decision to decline Distinct Media's request for entry of default.  (Dkt. No. 46.)  That motion was granted on August 17, 2016 (Dkt. No. 53) and the Clerk's entry of default as to Lev Shutov was filed on August 18, 2016 (Dkt. No. 54).[1]  The Court granted Distinct Media's motion for expedited discovery from Amazon and persons or entities to which Amazon made payments for the

---

[1]  Distinct Media is filing this Case Management Statement as its own statement pursuant to Civil Local Rule 16-9(a) due to Defendant Shutov's continued failure to appear.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT
CASE NO. 15-CV-03312-NC

1   store.carideas.com and store.pricepicker.net Amazon accounts on June 10, 2016.  (Dkt. No. 41.)

2   Distinct Media served the subpoena on Amazon on June 16, 2016.  Amazon provided an initial

3   response to that subpoena on July 17, 2016, and an additional response yesterday, on August 30,

4   2016.  Distinct Media continues to confer with Amazon on outstanding issues.

5       Because Distinct Media and Amazon continue to meet and confer, Distinct Media's

6   investigation into Defendants' identities is still ongoing, and no motions are currently pending,

7   Distinct Media respectfully proposes for the Court's consideration that, in the interests of

8   economy and efficiency, the Case Management Conference currently scheduled for September 7,

9   2016, be continued to October 5, 2016, at which time Distinct Media is likely to have additional

10  information to disclose to the Court.  If the Court would like to proceed with the conference on

11  September 7, counsel for Distinct Media will appear by phone as the Court earlier allowed.

12  **1.      JURISDICTION AND SERVICE**

13      The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331

14  because this action alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030,

15  *et seq.* ("CFAA").

16      Distinct Media named Shutov as a defendant on March 17, 2016, and the clerk issued the

17  summons to Shutov on March 21, 2016.  Distinct Media served the summons and Second

18  Amended Complaint ("Complaint") on Defendant Shutov in Russia on March 28, 2016.  (Dkt.

19  No. 36.)  Counsel for Defendant Shutov filed a statement concerning Distinct Media's Complaint

20  on April 15, 2016, further confirming that Defendant Shutov was served with the Complaint.

21  (*See* Dkt. No. 33.)  Defendant Shutov has not made an appearance through counsel in this action.

22  Civil Local Rule 5-1(c)(2) requires a notice of appearance to be electronically filed whenever

23  counsel joins a case, and no such notice of appearance has been filed on behalf of Defendant

24  Shutov.  Distinct Media served Defendant Shutov and the April 18, 2016 deadline for Defendant

25  Shutov's answer or motion under Rule 12 of the Federal Rules of Civil Procedure has passed.  On

26  August 17, 2016, the Court concluded that Distinct Media complied with Rule 4(f)(2)(A) and

27  Rule 4(f)(2)(C) in serving Defendant Shutov in Russia by registered mail and personal delivery.

28  (Dkt. No. 53.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

The remaining Defendants' identities are still unknown, and as a result, Distinct Media has not been able to attempt or complete service on the other Defendants.

**2.    FACTS**

Distinct Media operates price comparison websites, and displays ads on those websites. Third-party advertisers pay Distinct Media a small fee each time an Internet user clicks on an ad and is directed to the advertiser's website.  Distinct Media has a pay-per-click agreement with Yahoo! ("Yahoo"), which provides ad inventory to Distinct Media on behalf of advertisers.

Shutov was one of six software employees employed by CPS Labs who were involved in the design of Distinct Media's internal databases, computers, computer programs, and computer networks ("Distinct Media's Systems").  As a lead software developer, Shutov was substantially involved in the coding and design of Distinct Media's Systems.  Distinct Media subsequently hired three of CPS Labs' software engineers, but did not hire Shutov, and therefore his services for Distinct Media ended in or about April 2011.  However, Shutov's wife, Irina Shutova, is currently employed by Distinct Media.

In or around April 2013, Defendants caused a jquery.form.js file ("Jquery File") to be embedded in a development server used by Distinct Media without Distinct Media's knowledge or consent.  Defendants' Jquery File triggered a coordinated attack on Distinct Media's Systems, modifying the appearance of Yahoo-provided ads on Distinct Media's websites so that the ads would look like ads for content on Amazon or eBay's websites, even though, in reality, they were not.  An icon for what appeared to be an ad for content on Amazon or eBay was superimposed on top of the real ad so that the user thought he or she was looking at an Amazon or eBay ad.  When the user clicked on the fake Amazon or eBay ad ("Fake Ads") on the Distinct Media website, two things happened simultaneously:  (1) the real ad underneath the Fake Ad was recorded as having been clicked, incurring a click fee; and (2) a new browser window opened to a new website not affiliated with Distinct Media or Yahoo, click-meter.com.  Distinct Media's investigation revealed that that the click-meter.com website was operating under a fraudulent domain, masquerading as a real company, clickmeter.com (with no hyphen in its name).  The fake click-meter.com website then directed the user to one of two websites, store.cartideas.com and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

1    store.pricepicker.net.  These two websites directed users to eBay or Amazon, depending on which

2    Fake Ad was superimposed on top of the real Yahoo-provided ad that was "clicked" on Distinct

3    Media's website.  Defendants' Jquery File, and the resulting attack carried out through the

4    modification of Distinct Media's websites, forced Yahoo to incur click fees to Distinct Media

5    even though the users were redirected to Amazon and eBay's websites and never visited the

6    websites associated with the Yahoo-provided ads.

7         Defendants' Jquery File redirected user traffic from Distinct Media's websites to eBay or

8    Amazon by disguising the Yahoo ads as Fake Ads for eBay or Amazon.  Defendants operate the

9    store.cartideas.com and store.pricepicker.net domains and earn commissions from Internet traffic

10   they diverted from Distinct Media's websites.

11        eBay and Amazon have referral agreements with individuals or companies ("referral

12   sources").  When a referral source directs Internet user traffic to eBay and its partner websites,

13   eBay will pay the referral source based on the volume and type of traffic.  Similarly, when a

14   referral source directs an Internet user to Amazon's website and the user makes a qualified

15   purchase, Amazon will pay the referral source a commission based on the user's purchase.

16        Defendants established multiple eBay and Amazon accounts in order to earn commissions

17   from the Internet traffic they acquired without authorization from Distinct Media's websites.  In

18   order to receive payments from eBay and Amazon, Shutov established online payment accounts

19   through MTACC Inc. ("MTACC") and eCoin.com ("eCoin").  Shutov received payments from

20   eBay and Amazon at these MTACC and eCoin accounts, and then transferred approximately

21   twenty percent of these commissions to at least one other Defendant through online exchanges,

22   such as Bitcoin, or ATM transfers.  According to the transaction history of Shutov's MTACC

23   account, eBay paid Shutov more than $324,000 between August 2013 and December 2014.

24   Shutov also received more than $24,000 in payments from Amazon at his MTACC account.

25   Shutov continued to transfer a portion of these payments to at least one other Defendant until late

26   2014.

27   //

28   //

Cooley LLP
Attorneys At Law
San Francisco

4.

Plaintiff Distinct Media Limited's
Case Management Statement -
Case No. 15-cv-03312-NC

**3.   LEGAL ISSUES**

Defendants are individuals or entities responsible for, *inter alia*, unlawfully accessing and embedding a foreign file into Distinct Media's protected computer systems in violation of CFAA, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)-(C); California Penal Code §§ 502(c)(1)-(4), (c)(6)-(8); and the "unlawful prong" of California Business & Professions Code § 17200.  Further, Defendants' business practices violate the "unfair" prong of California Business & Professions Code § 17200 because they surreptitiously implemented a scheme to alter Distinct Media's Systems and place Fake Ads on Distinct Media's websites without Distinct Media's knowledge or consent. Defendants implemented this scheme in order to divert Internet traffic away from the destination Distinct Media intended (Yahoo advertiser websites) so that Defendants could be paid by eBay and Amazon for the stolen Internet traffic.  Finally, Defendants' business practices violate the "fraudulent" prong of California Business & Professions Code § 17200 because Defendants modified the appearance of Yahoo ads on Distinct Media's websites, and these Fake Ads were intended to and did deceive Distinct Media and the public.

**4.   MOTIONS**

On August 14, 2015, Distinct Media filed a motion for expedited discovery, seeking to subpoena eBay and Amazon for information associated with the store.cartideas.com and store.pricepicker.net domains in order to identify Defendants.  (Dkt. No. 8.)

On September 29, 2015, this Court denied the motion, concluding that although Distinct Media had established three of the four factors demonstrating good cause for expedited discovery, Distinct Media's original complaint would not withstand a motion to dismiss because it failed to specify the CFAA and § 502 subsections under which Distinct Media wishes to pursue its claims. (Dkt. No. 11 at 7.)  The Court granted Distinct Media leave to amend its complaint and renew its motion for expedited discovery.  (*Id.* at 10.)

Distinct Media addressed the shortcomings found by the Court and filed its First Amended Complaint and renewed motion on October 6, 2015.  (Dkt. No. 13.)  On October 8, 2015, the Court granted the motion and authorized Distinct Media to serve Amazon and eBay with subpoenas seeking identifying information for the individuals and/or entities associated with the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

store.cartideas.com and store.pricepicker.net domains.  (Dkt. No. 14.)  Distinct Media served eBay on October 9, 2015 and served Amazon on October 14, 2015.  (Dkt. No. 16-1 at ¶¶ 3, 13.)

On December 14, 2015, Distinct Media filed a motion for additional expedited discovery, seeking permission to serve subpoenas on eBay and MTACC, Inc. ("MTACC").  (Dkt. No. 16.) The Court granted the motion on December 16, 2015.  (Dkt. No. 17.)

On January 20, 2016, Distinct Media filed a motion for additional expedited discovery, seeking permission to serve subpoenas on Amazon and certain identified banks to obtain information that Distinct Media believed was reasonably likely to provide evidence regarding Defendants' identities.  On January 21, 2016, this Court issued an Order denying the motion and providing that Distinct Media should name Defendants by March 18, 2016.  (Dkt. No. 19.)

After the May 4, 2016 Case Management Conference, the Court ordered Distinct Media to file motions for additional discovery and for default by June 6, 2016.  (Dkt. No. 38.)  On May 27, 2016, Distinct Media filed a motion for expedited discovery, seeking permission to serve subpoenas on Amazon and persons or entities to which Amazon made payments for the store.cartideas.com and store.pricepicker.net Amazon accounts.  (Dkt. No. 39.)  The Court granted Distinct Media's motion on June 10, 2016.  (Dkt. No. 41.)  Distinct Media served the subpoena on Amazon on June 16, 2016.  Amazon provided an initial response to that subpoena on July 17, 2016, and an additional response yesterday, on August 30, 2016.  Distinct Media continues to confer with Amazon on outstanding issues.

On June 6, 2016, Distinct Media filed a request to enter default against Defendant Shutov. (Dkt. No. 40.)  On June 16, 2016, the Clerk of the Court denied Distinct Media's request for entry of default.  (Dkt. No. 43.)

On July 26, 2016, Distinct Media filed a motion with this Court for (1) entry of default against Defendant Shutov or, (2) in the alternative, leave to file a motion for reconsideration of the Clerk's decision to decline Distinct Media's request for entry of default.  (Dkt. No. 46.)  That motion was granted on August 17, 2016 (Dkt. No. 53) and the Clerk's entry of default as to Lev Shutov was filed on August 18, 2016 (Dkt. No. 54).

Distinct Media intends to move for entry of default judgment against Defendant Shutov.

1   No motions are currently pending.

2   **5.    AMENDMENT OF PLEADINGS**

3   Distinct Media amended its complaint on October 6, 2015 (Dkt. No. 12) and March 17,

4   2016 (Dkt. No. 26).

5   **6.    EVIDENCE PRESERVATION, DISCLOSURES, AND DISCOVERY**

6   Distinct Media is aware of and is taking reasonable steps to comply with its evidence

7   preservation obligations under the Federal Rules of Civil Procedure.  Defendant Shutov has not

8   appeared in this case and default has been entered against him, and therefore Distinct Media has

9   not conferred with his counsel on the topics of evidence preservation, disclosures, or discovery.

10  Because the other Defendants' identities are still unknown, Distinct Media has not been able to

11  attempt service or confer with Defendants on these topics.

12  Distinct Media intends to use discovery to attempt to identify the other Defendants.  On

13  June 10, 2016, the Court granted Distinct Media's motion for expedited discovery from Amazon

14  and persons or entities to which Amazon made payments.  Distinct Media served the subpoena on

15  Amazon on June 16, 2016.  Amazon provided an initial response to that subpoena on July 17,

16  2016, and an additional response yesterday, on August 30, 2016.  Distinct Media continues to

17  confer with Amazon on outstanding issues.

18  **7.    RELIEF**

19  Distinct Media seeks injunctive relief in the form of an order barring Defendants from any

20  further acts constituting violations of CFAA, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)-(C), California

21  Penal Code §§ 502(c)(1)-(4), (c)(6)-(8), or California Business & Professions Code § 17200, in

22  addition to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and

23  such other relief as the Court may deem just and proper.

24  **8.    SETTLEMENT AND ADR**

25  Because Defendant Shutov has not appeared in this case, and no other Defendants have

26  been served, no settlement discussions have taken place and ADR is not appropriate at this time.

27  //

28  //

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

**9.      CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On July 30, 2015, Distinct Media filed its Consent to Magistrate Judge for All Purposes. (Dkt. No. 7.)

**10.     OTHER REFERENCES**

At this time, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**11.     NARROWING OF ISSUES**

Defendant Shutov has not appeared in this case and default has been entered against him, and therefore Distinct Media has not conferred with his counsel on potential narrowing of issues.

**12.     EXPEDITED TRIAL PROCEDURE**

Defendant Shutov has not appeared in this case and default has been entered against him, and therefore Distinct Media has not conferred with his counsel regarding whether expedited trial procedures would be appropriate.

**13.     SCHEDULING**

Defendant Shutov has not appeared in this case and default has been entered against him, and therefore Distinct Media has not conferred with his counsel regarding scheduling in this matter.  Because Distinct Media and Amazon continue to meet and confer, Distinct Media's investigation into Defendants' identities is still ongoing, and no motions are currently pending, Distinct Media respectfully proposes for the Court's consideration that, in the interests of economy and efficiency, the Case Management Conference currently scheduled for September 7, 2016, be continued to October 5, 2016, at which time Distinct Media is likely to have additional information to disclose to the Court.

**14.     TRIAL**

Defendant Shutov has not appeared in this case and default has been entered against him, and therefore Distinct Media has not conferred with his counsel regarding a trial estimate.

**15.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 16, 2015, Distinct Media filed its Disclosure of Non-Party Interested Entities or Persons as required by Civil L.R. 3-15.  (Dkt. No. 3.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC

Distinct Media certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:  Clicksco Jersey Limited, which is the parent of Distinct Media.

**16.    PROFESSIONAL CONDUCT**

Counsel for Distinct Media have reviewed the Guidelines for Professional Conduct for the Northern District of California and acknowledge they will abide by those Guidelines.


Dated: August 31, 2016                                  COOLEY LLP

                                                        */s/ Amy M. Smith*
                                                        Amy M. Smith

                                                        Attorneys for Plaintiff
                                                        DISTINCT MEDIA LIMITED

136068003

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

PLAINTIFF DISTINCT MEDIA LIMITED'S
CASE MANAGEMENT STATEMENT -
CASE NO. 15-CV-03312-NC