COOLEY LLP
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
AMY M. SMITH (287813) (amsmith@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:	(415) 693-2000
Facsimile:	(415) 693-2222

Attorneys for Plaintiff
DISTINCT MEDIA LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISTINCT MEDIA LIMITED,<br><br>                    Plaintiff,<br><br>       v.<br><br>LEV SHUTOV and DOE DEFENDANTS 1-50,<br><br>                    Defendants. | Case No. 15-cv-03312-NC<br><br>**DECLARATION OF THOMAS HOWSAM IN SUPPORT OF PLAINTIFF DISTINCT MEDIA LIMITED'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LEV SHUTOV**<br><br>**FED. R. CIV. P. 55(B)**<br><br>Judge:       Hon. Nathanael Cousins<br>Courtroom: 7 – 4th Floor<br>                      280 S. First Street<br>                      San Jose, CA 95113<br>Trial Date: Not yet set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF THOMAS HOWSAM ISO
MOTION FOR DEFAULT JUDGMENT
NO. 15-CV-03312-NC

I, Thomas Howsam, declare as follows:

1. I am the Chief Technology Officer of Clicksco Jersey Limited, the parent corporation of Plaintiff Distinct Media Limited ("Distinct Media"). My job responsibilities include overseeing Distinct Media's software engineering, server maintenance, and security operations, and I am familiar with Distinct Media's investigation into the identities of Defendant Lev Shutov and other Doe defendants (collectively "Defendants"). I have personal knowledge of the facts stated in this Declaration and, if called to testify, I would and would testify competently thereto.

2. Pursuant to agreements with third-party advertisers, Distinct Media displays advertisements on its websites and is paid a small fee each time an Internet user clicks on an ad and is directed to the advertiser's website. These "pay-per-click" agreements are one of Distinct Media's sources of revenue. Distinct Media has a pay-per-click agreement with Yahoo! ("Yahoo"), which provides ad inventory to Distinct Media on behalf of advertisers.

**Distinct Media's Efforts to Investigate and Remediate Defendants' Attack**

3. On November 10, 2014, Yahoo representatives alerted Distinct Media to unusual online activity involving Distinct Media's websites and Yahoo-provided ads. I immediately began investigating this unusual activity, with the help of John Furlong, Distinct Media's Network Manager in the United States, Mark Nosworthy, Distinct Media's Chief Financial Officer and Mitul Bhojani, at the time Distinct Media's Chief Revenue Officer. After monitoring the Distinct Media network and reviewing activity logs, we discovered that a foreign jquery.form.js file ("Jquery File") had been embedded in one of our development servers, without Distinct Media's knowledge or consent, in approximately April 2013. We learned that the Jquery File was also located on a server, called "Web 1," that is leased by Distinct Media and is located in the United States. Web 1 hosts Distinct Media's United States websites, including approximately sixteen websites that are displayed in California.

4. The next day, November 11, 2014, I was able to remove the Jquery File from Distinct Media's systems, but we still did not know whether the Jquery File was the only foreign file initiating the attack, so further investigation and remediation was required. Distinct Media

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF THOMAS HOWSAM ISO
MOTION FOR DEFAULT JUDGMENT
NO. 15-CV-03312-NC

1  retained Deloitte Consulting LLP ("Deloitte") to investigate the source and impact of the attack
2  and provide an independent report, and Mr. Furlong and I continued to conduct our own parallel
3  investigation.

4      5.    Our investigation revealed that the Jquery File modified the appearance of Yahoo-
5  provided ads displayed on Distinct Media's websites so that the Yahoo-provided ad would instead
6  look like an ad for content on eBay.com ("eBay") or Amazon.com, Inc. ("Amazon").  The icon
7  for what appeared to be an ad for content on eBay or Amazon was superimposed on top of the
8  real ad so that the user thought he or she was looking at an eBay or Amazon ad.  When the user
9  clicked on the fake eBay or Amazon ad ("Fake Ads"), two things happened simultaneously:
10 (1) the real ad underneath the Fake Ad was recorded as having been clicked, incurring a click fee;
11 and (2) a new browser window opened to click-meter.com, a website not affiliated with Distinct
12 Media or Yahoo.  We investigated click-meter.com, and discovered that this website is operating
13 under a fraudulent domain, pretending to be clickmeter.com, a real company.  The fake click-
14 meter.com website then directed users to one of two websites not affiliated with Distinct Media or
15 Yahoo, store.cartideas.com and store.pricepicker.net.  These websites then directed users to eBay
16 or Amazon, depending on which Fake Ad was superimposed over the real Yahoo-provided ad
17 that was "clicked" on Distinct Media's website.  eBay and Amazon have referral agreements with
18 certain individuals or companies ("referral sources"), according to which the referral sources will
19 get a commission in certain circumstances if the referral source has directed Internet user traffic
20 to the eBay or Amazon websites.  Because store.cartideas.com and store.pricepicker.net directed
21 user traffic away from Distinct Media's websites to eBay and Amazon's websites, Distinct Media
22 believed that operators of the store.cartideas.com and store.pricepicker.net domains were referral
23 sources for the eBay and Amazon websites so that the operators could receive commissions from
24 eBay and Amazon.

25     6.    Based on the configuration of this attack, Distinct Media had reason to believe that
26 the individuals and/or entities who embedded the Jquery File and operate the click-meter.com,
27 store.cartideas.com, and store.pricepicker.net domains were working together to unlawfully
28 access Distinct Media's Systems and modify its websites.  Distinct Media ran searches on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF THOMAS HOWSAM ISO
MOTION FOR DEFAULT JUDGMENT
NO. 15-CV-03312-NC

1  WhoIs.net, a domain name lookup service, to try to identify the individuals or entities registered
2  with the domain names, and where available, Distinct Media paid for historical domain reports to
3  see the previous owners of the domains.  Distinct Media also reached out to the operator of
4  clickmeter.com, which confirmed that it does not own click-meter.com, and did not know who
5  was responsible for operating it.

6        7. Despite these investigative efforts, Distinct Media and Deloitte were unable to
7  identify the individuals or entities associated with these domain names.

8        8. Because the attack was so sophisticated, Distinct Media suspected that the attack
9  was initiated by a Distinct Media employee or contractor, or another bad actor with intimate
10 knowledge of Distinct Media's systems and business models.  This meant that the bad actor(s)
11 could reinstate the attack at any time until they were identified.  As a result, Distinct Media
12 retained Cooley LLP to seek third-party discovery from eBay and Amazon to identify the
13 responsible parties.  The primary purpose of engaging Cooley LLP was to make use of the tools
14 of civil discovery and Cooley LLP's investigative experience to determine the origin of the
15 attack.  Meanwhile, Distinct Media continued to investigate for further, related attacks after the
16 Jquery File was removed.

17 **Costs Incurred by Distinct Media to Investigate and Remediate Defendants' Attack**

18       9. Distinct Media incurred the following costs during its investigation of the Jquery
19 File attack:

20       a. Sixteen thousand seven hundred and seventy-seven pounds in fees paid to
21 Deloitte for its independent investigation into the Jquery File's source, function, and the extent of
22 the damage to Distinct Media's systems.  A true and correct copy of the final invoice Distinct
23 Media paid for Deloitte's investigative services is attached hereto as **Exhibit A**.  Based on the
24 exchange rate in effect on the date the invoice was issued, March 3, 2014, which I determined
25 using http://www.exchange-rates.org/Rate/GBP/USD/3-12-2014, the invoiced amount equaled
26 $27,889.27.

27       b. More than $28,542 for the well over 200 hours I spent (i) investigating the
28 Jquery File's source and function, and the extent of the resulting damage to Distinct Media's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF THOMAS HOWSAM ISO
MOTION FOR DEFAULT JUDGMENT
NO. 15-CV-03312-NC

1  systems, (ii) isolating and removing the Jquery File from the Distinct Media network, and (iii) implementing necessary measures to secure Distinct Media's systems in the aftermath of the attack. At the time, my salary was £180,000 per year, which assuming 2,000 hours of work per year, translates to £90 per hour. Based on the exchange rate in effect on November 10, 2014, the first day of my investigation, which I determined by using http://www.exchange-rates.org/Rate/GBP/USD/11-10-2014, my hourly rate at the relevant time was $142.71. While I spent over 200 hours attending to the aforementioned tasks, I have used only 200 hours to calculate the amount specified in this paragraph, thereby giving a conservative estimate of the cost to Distinct Media.

        c.     More than $4,500 dollars for the well over 150 hours Mr. Furlong spent (i) investigating the Jquery File's source and function, and the extent of the resulting damage to Distinct Media's systems, (ii) isolating and removing the Jquery File from the Distinct Media network, and (iii) implementing necessary measures to secure Distinct Media's systems in the aftermath of the attack. At the time, Mr. Furlong's salary was $60,000 per year, which assuming 2,000 hours of work per year, translates to $30 per hour. While Mr. Furlong spent well over 150 hours attending to the aforementioned tasks, I have used only 150 hours to calculate the amount specified in this paragraph, thereby giving a conservative estimate of the cost to Distinct Media.

**Damages Distinct Media was Required to Pay Yahoo as a Result of Defendants' Attack**

10.    Defendants' attack on Distinct Media's systems (1) fraudulently redirected Internet traffic away from the Yahoo ads placed on Distinct Media's websites to eBay and Amazon's websites, and (2) simultaneously caused Yahoo to incur a click fee, even though Internet users were not looking at Yahoo ads or being directed to Yahoo advertisers' websites.

11.    After Defendants' attack was discovered, Distinct Media was forced to repay Yahoo $1.891 million in invalid click fees. Distinct Media was also required to pay Yahoo a $1 million liquidated damages fee because Defendants' attack caused Distinct Media to breach its agreement with Yahoo, without Distinct Media's knowledge or consent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF THOMAS HOWSAM ISO
MOTION FOR DEFAULT JUDGMENT
NO. 15-CV-03312-NC

1 | Executed on December 6, 2016 in Stockton-on-Tees, United Kingdom.

*/s/ Thomas Howsam*
Thomas Howsam

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from its signatory.

Dated: December 6, 2016               COOLEY LLP

*/s/ Matthew D. Brown*
Matthew D. Brown

136070078

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DECL. OF THOMAS HOWSAM ISO
MOTION FOR DEFAULT JUDGMENT
NO. 15-CV-03312-NC**

**PROOF OF SERVICE**
**(FRCP 5)**

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. On the date set forth below I served the document described below in the manner described below:

**DECLARATION OF THOMAS HOWSAM IN SUPPORT OF PLAINTIFF DISTINCT MEDIA LIMITED'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LEV SHUTOV**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☒ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by FedEx for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following parties in this action:

Ruslan Ivanov
Russian Federation, Mari El republic
Yoshkar-Ola, Chavaina 36-306
424000
Email: advokaton@mail.ru

*Attorney for Defendant Lev Shutov*

Executed on December 6, 2016, at San Francisco, California.

*/s/ Patricia Mines*
Patricia Mines